IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                            Case No. 4:11-cr-40037-003

WILLIE TATUM                                                                DEFENDANT

# ORDER

Before the Court is Defendant Willie Tatum's Motion for Early Termination of Supervised Release. (ECF No. 2018). The government has filed a response. (ECF No. 2042). The Court finds the matter ripe for consideration.

On September 14, 2011, Defendant was charged by an Indictment filed in the Western District of Arkansas. On March 25, 2013, pursuant to a written plea agreement, Defendant pleaded guilty to one count of delivery of cocaine base near a public housing authority facility, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). On August 29, 2013, the Court sentenced Defendant to 41 months of imprisonment, 6 years of supervised release, a $100 special assessment; and denial of federal benefits for 5 years. The Court also dismissed the remaining counts against Defendant. On October 9, 2014, Defendant was released from the Bureau of Prisons and began serving his term of supervised release.

On April 29, 2016, a petition for revocation of supervised release was filed against Defendant.[1] On June 18, 2018, the Court held a final revocation hearing and took the matter under advisement for a period of six months. On December 18, 2018, the Court held another final

---

[1] The petition alleged three violations of the terms of Defendant's supervised release: (1) that on February 21, 2016, he committed the offense of possession of a controlled substance; (2) that he traveled outside of the judicial district without permission; and (3) that he associated with a person convicted of a felony.

revocation hearing, at which the Court granted the government's motion to dismiss the revocation allegations. In doing so, the Court directed that Defendant remain on supervised release with all previously imposed conditions remaining in effect.

On January 9, 2019, Defendant filed the instant motion. Defendant requests early termination of his supervised release, citing his good behavior since his release from imprisonment. Defendant asserts that he has complied with all requirements of his supervised release, that he has maintained stable living conditions and employment, and that he has changed his lifestyle and associates.

The government objects to early termination of Defendant's supervised release, arguing that the nature of Defendant's underlying sentence posed a danger to the community and, thus, the need for his sentence to reflect the seriousness of that offense cuts against the instant request. The government also argues that, although Defendant has had no violations of the terms of his supervised release since April 2016, he did so while under a pending probation revocation petition. The government concludes that the instant motion should be denied.

The United States Probation Office ("USPO") has advised the Court that it also recommends that Defendant's motion be denied. The USPO states that while on supervised release, Defendant has had no positive drug tests and has complied with the terms of his supervised release. The UPSO also notes that Defendant has fully satisfied the imposed financial conditions. The USPO also indicates that Defendant has maintained stable housing and employment. However, the USPO recommends that Defendant's motion be denied due to his history and characteristics. Specifically, the USPO notes that Defendant has prior violent arrests and had high-severity violations occur while on supervised release.

A district court may terminate supervised release "if it is satisfied that such action is

warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide the defendant with correctional treatment in the most efficient manner.

Upon consideration of the factors listed above, the Court finds that Defendant's motion (ECF No. 2018) should be and hereby is **DENIED** due to Defendant's history and characteristics and to ensure that Defendant is able to demonstrate the ability to lawfully self-manage beyond the period of supervision.

**IT IS SO ORDERED**, this 7th day of May, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge